José Enrique Mattei, Plaintiff and Appellee, *v.* Jesús Santana Guadalupe, Defendant and Appellant.

No. 9698.   Argued June 2, 1948.—Decided June 7, 1948.

*Bauzá & Bauzá* for appellant.   *A. Miranda Esteve* and *R. Martínez Álvarez, Jr.,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

In granting a complaint in an action of accession in this case, the lower court stated the following:

"We wish to state that in the hearing held before the undersigned, plaintiff's attorney moved that if the action were granted no pronouncement be made as to the possession of the house and that no order of eviction be rendered against the defendant."

Indeed, at the commencement of the hearing, plaintiff's attorney expressed himself thus:

"In the original hearing we waived, and now ratify, any pronouncement by the court in its judgment, if favorable to the plaintiff, ordering the eviction of the defendant from the house built on the lot.   We do not want a pronouncement in that sense because, in our opinion, such a pronouncement would be equivalent to an unlawful detainer which is prohibited by law."

In its judgment the court merely stated that the plaintiff was entitled to the possession of the house erected by the

defendant on plaintiff's lot, upon payment of $883.31 to defendant, as compensation for the cost of the material and labor involved in the construction of said house, which amount was fixed by an expert appointed by the court.

Feeling aggrieved by this judgment defendant appealed and assigns as the only error that the lower court overruled the special defense of lack of jurisdiction, for noncompliance with § 6(d) 1–2 of the Rent Regulations which became effective on February 1, 1944.

This error lacks merit. The plaintiff expressly waived any right which he might have to evict the defendant from the house he occupies if the complaint should prosper, as it did, and the court made no pronouncement whatsoever ordering the eviction. Accepting, without deciding, that the Federal Rent Regulations were applicable to a case like the present in *Figueroa* v. *Rodríguez,* also an accession case, *ante,* p. 248, we said that although "It is true that there is a possibility that, under the aforesaid Act [1] and Regulations, the eviction of the defendant from the properties mentioned in the complaint might not be proper. But since an action to enforce the right of accession lies, and since it is debatable whether or not the defendant can properly be evicted. . . . the lower court should not have dismissed the complaint in its entirety."

There is no controversy in the case at bar as to whether defendant built in good faith on the land which now belongs to the plaintiff without the latter renewing the lease contract that defendant might have had with the former owner of the property. The only question raised by the defendant is plaintiff's noncompliance with the requirements of the Federal Rent Act before obtaining judgment ordering the eviction of the defendant. But since plaintiff expressly waived any pro-

---

[1] The Act referred to is No. 464 of 1946.

nouncement to that effect, and since the court did not order defendant's eviction from the house such a question is not actually in controversy herein.[2]

Judgment is affirmed.

Mr. Justice De Jesús did not participate herein.

---

[2] The Rent Act of 1947, which became effective on July 1, 1947, Public Law 129, 80th Congress, 1st. Session, deprived the administrator of all power to promulgate regulations in connection with evictions. *Cf. Avila* v. *District Court*, ante, p. 10 and *Branizar* v. *Méndez*, ante, p. 748.